UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KIMYATA BOCOUM                                                                              PLAINTIFF

v.                                                                CIVIL ACTION NO. 3:13-cv-1073-DPJ-FKB

CAROLYN W. COLVIN, Acting
Commissioner of Social Security                                                         DEFENDANT

ORDER

This Social Security appeal is before the Court on the Report and Recommendation ("R&R") [14] of United States Magistrate Judge F. Keith Ball. Judge Ball recommends affirming the decision of the Commissioner. Plaintiff Kimyata Bocoum filed a timely Objection [15] to the R&R, and the Commissioner filed a response [16]. After reviewing the findings in the R&R, together with Bocoum's Objection and the Commissioner's response, the Court concludes that the R&R should be adopted as the opinion of this Court.

In his R&R, Judge Ball concluded that 1) substantial evidence supports the Administrative Law Judge's (ALJ) implicit finding that Bocoum does not have significant deficits in adaptive functioning and therefore does not meet Listing 12.05(C) for mental retardation; 2) substantial evidence supports the ALJ's finding that Bocoum's depression was non-severe; and 3) the ALJ did not err when he did not consider major depression in combination with Bocoum's other impairments. The latter two issues are related, and Bocoum does not object to Judge Ball's findings as to those issues.

Bocoum's objection to the finding regarding Listing 12.05(C) is two-fold. First, she contends that the ALJ erred by not considering whether Bocoum met the Listing 12.05 criteria, which she states "was explicitly argued by Plaintiff at the time." Pl.'s Obj. [15] at 2. But

Bocoum does not cite to any record evidence showing that she argued she met Listing 12.05(C) to the ALJ.  In fact, she did the exact opposite; she stated to the ALJ judge that "we can't argue 12.05C." R. [8] at 26.  Bocoum glosses over this point by pointing to the fact that she submitted evidence on Listing 12.05(C) to the Appeals Counsel.  Bocoum is correct that the Appeals Council's decision to deny review and the additional evidence submitted to the Appeals Council are part of the Commissioner's final decision for purposes of this Court's review.  *Higginbotham v. Barnhart*, 405 F.3d 332, 337–38 (5th Cir. 2005).  But that does not mean that it was error for the ALJ to omit express reference to Listing 12.05(C) when Bocoum conceded that she could make no such argument.

Bocoum likewise argues that the Appeals Council erred by not explaining their decision to deny review.  But the Appeals Council did review her new evidence before concluding "that this information does not provide a basis for changing the Administrative Law Judge's decision." R. [8] at 6.  The Appeals Council is not required to further explain its consideration of this new evidence.  *Jones v. Astrue*, 228 F. App'x 403, 407 (5th Cir. 2007) (citing *Higginbotham*, 405 F.3d at 335 n.1).  Based on *Jones* and *Higginbotham*,

> district courts in the Fifth Circuit have concluded that the court should review the entire record to determine whether the Appeals Council has failed to properly evaluate new medical evidence which is so inconsistent with the ALJ's findings that it undermines the ultimate disability determination and requires that the case be remanded so that the Appeals Council fully can evaluate the treating source statement as required by law.

*Williams v. Astrue*, No. 11–583, 2011 WL 7025920, at *12 (E.D. La. Dec. 9, 2011) (collecting cases) (internal quotations omitted).  As stated in *Henderson v. Astrue*, "The court must determine whether, in light of the new evidence, the Commissioner's findings are still supported

2

by substantial evidence." No. 3:10–CV–0589–D, 2011 WL 540286, at *5 (N.D. Tex. Feb. 15, 2011) (Fitzwater, J.). And as explained below, substantial evidence supports the finding that she does not meet Listing 12.05(C).[1]

The second aspect of Bocoum's objection is that, considering the new evidence submitted to the Appeals Council, substantial evidence does not support the finding that Bocoum does not meet Listing 12.05(C). That listing has three requirements: (1) "significantly subaverage general intellectual functioning;" (2) "deficits in adaptive functioning initially manifested during the developmental period . . . i.e., . . . onset of the impairment before age 22;" and (3) "[a] valid verbal, performance, or full scare IQ of 60 through 70 and a physical or other mental impairment imposing additional and significant work-related limitation of function." 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.05(C); *see also Randall v. Astrue*, 570 F.3d 651, 656–61 (5th Cir. 2009).

At issue is whether Bocoum has significantly subaverage general intellectual functioning and deficits in adaptive functioning that manifested before she was 22 years old. Adaptive functions include "cleaning, shopping, cooking, taking public transportation, paying bills, maintaining a residence, caring appropriately for [one's] grooming and hygiene, using telephones and directories, and using a post office." *Arce v. Barnhart*, 185 F. App'x 437, 438–39 (5th Cir. 2006) (quoting 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.00(C)(1). The additional evidence submitted to the Appeals Council consisted of Bocoum's school records showing she took some special education classes. But "[a]lthough mental retardation qualifies as a non-exertional

---

[1] Even assuming the ALJ erred by omitting Listing 12.05(C), the error was harmless. *See Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007) ("Having determined that the ALJ erred in failing to state any reason for her adverse determination at step 3, we must still determine whether this error was harmless" (citing *Morris v. Bowen*, 864 F.2d 333, 334 (5th Cir. 1988))).

impairment, [b]elow-average intelligence alone does not constitute a non-exertional impairment." *Arce*, 185 F. App'x at 439 (internal quotation marks omitted) (citing *Selders*, 914 F.2d at 619).

As Judge Ball pointed out, Bocoum maintains a home, cares for her and her children's personal needs, and successfully worked in the past. The Function Report Bocoum submitted to the SSA indicates that she prepares meals, goes outside daily, does laundry, washes dishes, shops at the grocery, and handles her finances. R. [8] at 168–72. And no doctor has described her as mentally retarded. The only evidence Bocoum points to are her school records and findings by Dr. Boggs and Dr. Powers that she has limitations in social/interpersonal skills. This evidence does not overcome the other substantial evidence demonstrating that Bocoum does not have significantly subaverage general intellectual functioning with deficits in adaptive functioning that manifested before age 22.

IT IS, THEREFORE, ORDERED that Plaintiff's Objection to the Report and Recommendation is hereby overruled.

IT IS FURTHER ORDERED that the Report and Recommendation of United States Magistrate Judge F. Keith Ball be, and the same is hereby, adopted as the finding of this Court; Defendant's motion [11] is granted; Plaintiff's motion [9] is denied; the decision of the Commissioner is affirmed; and this action is dismissed with prejudice.

A separate judgment will be entered in accordance with the Order as required by Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 26th day of March, 2014.

             s/ *Daniel P. Jordan III*
             UNITED STATES DISTRICT JUDGE